# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JERRY JUNG, )
)
        **Plaintiff,** )
)
v. )
) No. 10-2557-CM–KMH
)
CERTAINTEED CORPORATION, )
)
        **Defendant.** )
)

## MEMORANDUM AND ORDER

Plaintiff Jerry Jung brings this action against defendant CertainTeed Corporation, alleging one count of age discrimination in violation of the Age Discrimination in Employment Act, (the "ADEA"), 29 U.S.C. § 621, *et seq*. Before the court is Defendant CertainTeed's Motion to Dismiss (Doc. 11). For the reasons set out below, the court takes defendant's motion under advisement and grants plaintiff ten (10) days within which to file a motion for leave to amend in accord with Local Rule 15.1.

The ADEA provides that "it shall be unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age. . . ." 29 U.S.C. § 623(a)(1). To state a claim under the ADEA, a plaintiff must show that "age was 'the but-for' cause of the employer's adverse action." *Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2351 (2009). However, a plaintiff need not establish a prima facie case of discrimination to survive a motion to dismiss. *Markham v. Salina Concrete Products, Inc.*, No. 10-1104-JTM, 2010 WL 5093769, at *4 (D. Kan. Dec. 8, 2010).

In its motion, defendant argues plaintiff's complaint is deficient on its face because it fails to set forth specific facts that plausibly state a claim for age discrimination. After opposing defendant's motion on the merits, plaintiff alternatively asks the court to grant plaintiff twenty-one (21) days from the date of this order within which to amend its complaint.

Generally, a plaintiff's bare request in a response to a motion to dismiss is not a proper vehicle for seeking leave to amend. *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) (quoting *Glenn v. First Nat'l Bank*, 868 F.2d 368, 370 (10th Cir. 1989)). Nevertheless, because courts generally prefer to evaluate claims on their merits, the court will permit plaintiff ten (10) days from the date of this order within which to file a motion for leave to amend in accord with Local Rule 15.1. *See, e.g., Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1273 (10th Cir. 2001) (noting court's preference for resolving claims on the merits).

The court therefore will take defendant's pending motion to dismiss under advisement. *See, e.g.*, *Rio Grande Silvery Minnow v. Bur. of Reclamation*, 601 F.3d 1096, 1109–10 (10th Cir. 2010) (holding that the existence of a live case or controversy is a prerequisite to federal court jurisdiction, and a court is not authorized to render advisory opinions).

If plaintiff files a motion for leave to amend within this time, this court will review it and promptly issue a ruling. Should the court grant leave to amend, the court will deny the defendant's pending motion as moot, because a new complaint will be in effect. Such denial will be without prejudice: defendant may again file a motion to dismiss on the same, different, or additional grounds as contained in the present motion.

If plaintiff does not file a motion for leave to file an amended complaint within ten days, the court will issue a ruling on the pending motion.

This litigation has been pending for just less than six months, and it is still in its very early stages; indeed, the scheduling order has only just been entered. The court does not believe that any party will be prejudiced by the case proceeding in this manner.

**IT IS THEREFORE ORDERED** that Defendant CertainTeed's Motion to Dismiss (Doc. 11) is taken under advisement.

**IT IS FURTHER ORDERED that plaintiff will have ten (10) days from the date of this order within which to file a motion for leave to amend in accord with Local Rule 15.1. If plaintiff files a motion for leave to amend within this time, this court will review it and promptly issue a ruling. Should the court grant leave to amend, the court will deny the defendant's pending motion as moot. Such denial will be without prejudice: defendant may again file a motion to dismiss on the same, different, or additional grounds as contained in the present motion. If plaintiff does not seek leave to amend within ten days, the court will issue a ruling on the pending motion to dismiss.**

Dated this 1st day of March, 2011 at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**