# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JERRY JUNG,            )
                       )
        Plaintiff,  )
                       )
v.                     )
                       )   No. 10-2557-CM–KMH
                       )
CERTAINTEED CORPORATION, )
                       )
        Defendant.  )
                       )

## MEMORANDUM AND ORDER

Plaintiff Jerry Jung brings this action against defendant CertainTeed Corporation, alleging one count of age discrimination in violation of the Age Discrimination in Employment Act, (the "ADEA"), 29 U.S.C. § 621, *et seq*. Before the court is Defendant CertainTeed's Motion to Dismiss (Doc. 11), and plaintiff's Motion and Suggestions in Support of Motion for Leave to File Amended Complaint (Doc. 25).

In an order dated March 1, 2011, the court took defendant's motion under advisement and granted plaintiff ten (10) days within which to file a motion for leave to amend in accord with Local Rule 15.1. Plaintiff has timely filed his motion, and defendant has responded. For the reasons that follow, the court grants plaintiff's motion, and denies defendant's motion to dismiss.

**I.**     **Factual and Procedural Background**

According to both the original and the proposed First Amended Complaint, plaintiff was employed at CertainTeed from February 19, 1979 until he was terminated on October 8, 2009. At the time of his termination, plaintiff was fifty-eight years old. Plaintiff worked as a process engineer, and met or exceeded expectations during his employment. At the time of his termination,

he was the oldest salaried employee that was not part of management. On or about October 5, 2009, plaintiff took two days of personal leave on a Friday and Monday. Upon returning to work, plaintiff learned that the manner by which fiberglass was to be processed had been altered by plaintiff's immediate supervisor. According to the proposed First Amended Complaint, the changes were communicated to employees who were under the age of forty and who were supervised by plaintiff. (Doc. 25-1, at 2.) However, these changes were not posted or ever otherwise communicated to plaintiff, who was responsible for supervising people underneath him in implementing the changes. On October 7, 2009, plaintiff went to the production superintendent to complain about the lack of communication. Later that day, plaintiff was brought in to see the Human Resources manager. Plaintiff's superintendent and immediate supervisor were there. Plaintiff was told he had an "attitude problem," and could either resign or be terminated. The proposed First Amended Complaint asserts that, "[i]n reality, however, defendant took these actions because of Jung's age, 58 years. In other words, but for [plaintiff's] age, [d]efendant would not have terminated him and, in fact, younger employees were not fired even though they engaged in much more egregious conduct than simply questioning a supervisor about communication problems." (Doc. 25-1, at 3.)

The next day, plaintiff stated he would rather be terminated than resign. The proposed First Amended Complaint suggests that, "[i]f [plaintiff] had been allowed to retain his employment rather than being terminated . . . , [d]efendant would have had to expend more money to pay his retirement benefits." (Doc. 25-1, at 3.) Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). He now alleges he is a member of a protected class in that he is over forty years old, and that he suffered age discrimination by virtue of defendant's treatment of him, including terminating his employment. He alleges that defendant's

action was done with malice and/or reckless indifference, entitling him to liquidated damages in addition to the economic and non-economic damages he seeks.

**II.     Legal Standard**

Rule 15 of the Federal Rules of Civil Procedure governs the procedure for amending pleadings. Where, as here, responsive pleadings have been served, a party may amend only by leave of court, and such leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). The decision is entrusted to this court's discretion. *Hall v. Witteman*, No. 07-4128-SAC, 2008 WL 2949567, at *4 (D. Kan. July 30, 3008) (citing *Stewart v. Bd. of Comm'rs for Shawnee County, Kan.*, 216 F.R.D. 662, 664 (D. Kan. 2003)). Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith, or futility of amendment. *Id*. A proposed amendment is futile if the "amendment would not withstand a motion to dismiss or otherwise fails to state a claim upon which relief may be granted." *Stewart*, 216 F.R.D. at 664 (citing *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992); *Schepp v. Fremont County, Wyo.*, 900 F.2d 1448, 1451 (10th Cir. 1990)).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The allegations must be enough that, if assumed

-3-

to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247–48 (10th Cir. 2008). "'Plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the [plaintiff 'has] not nudged [its] claims across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court assumes as true all well pleaded facts in plaintiff's complaint and views them in a light most favorable to plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also* Fed. R. Civ. P. 8(a).

## III. Discussion

The ADEA provides that "it shall be unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age . . . ." 29 U.S.C. § 623(a)(1). To prevail on an ADEA claim, plaintiff "must establish that age was a determining factor in the employer's challenged decision." *Lucas v. Dover*, 857 F.2d 1397, 1400 (10th Cir. 1988) (quoting *EEOC v. Sperry Corp.*, 852 F.2d 503, 507 (10th Cir. 1988)).

As in this case, where direct evidence of discrimination is absent, age discrimination claims are to be analyzed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Sanders v. Sw. Bell Telephone, L.P.*, 544 F.3d 1101, 1105 (10th Cir. 2008). Under the burden-shifting of *McDonnell Douglas*, the plaintiff must initially establish a prima facie case of discriminatory discharge. Then, defendant must offer a legitimate, nondiscriminatory reason for its employment decisions. *Randle v. City of Aurora*, 69 F.3d 441, 451 (10th Cir. 1995). If the defendant does so, then the burden reverts to the plaintiff "to show that there is a genuine dispute of

material fact as to whether the employer's proffered reason for the challenged action is pretextual *i.e.*, unworthy of belief." *Marx v. Schuck Mkts., Inc.*, 76 F.3d 324, 327 (10th Cir. 1996).

To establish a prima facie case, plaintiff must prove: (1) he is within the protected age group; (2) he was doing satisfactory work; (3) he was discharged; and (4) he was replaced with a younger person. *Miller v. Eby Realty Group LLC*, 396 F.3d 1105, 1111 (10th Cir. 2005).

In support of his claim, plaintiff alleges that (1) at fifty-eight years old, he is within the protected age group; (2) he was meeting or exceeding expectations during his employment as a process engineer; (3) he was terminated; and (4) "but for [plaintiff's] age, defendant would not have terminated him." (Doc. 25-1, at 3.) In support, he alleges that "younger employees were not fired even though they engaged in much more egregious conduct." *Id*.

The court has thoroughly reviewed the amended complaint and defendant's response, as well as the briefing on the motion to dismiss. After consideration, the court believes that dismissal at this stage would be premature. Although plaintiff's proposed First Amended Complaint is scant, its allegations, presumed to be true, contain just enough to survive a motion to dismiss.

Therefore, the court will permit plaintiff leave to amend his complaint. In accord with the court's March 1, 2011 Memorandum and Order, the defendant's motion to dismiss is denied. Plaintiff's motion is granted.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to Amend Complaint (Doc. 25) is granted. Plaintiff is directed to file its amended complaint within ten (10) days of the date of this order.

**IT IS THEREFORE ORDERED** that Defendant CertainTeed's Motion to Dismiss (Doc. 11) is denied.

Dated this 31st day of March 2011, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**